**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

GERALD ALEXANDER MELTON,

    Petitioner,

v.                                                      CASE NO: 8:07-cv-1098-T-30TBM

FLORIDA DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.
_____/

## ORDER

Petitioner, an inmate in the Florida penal system proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 (Dkt. #1). The Court has considered the petition, Respondents' response (Dkt. #18) and Petitioner's reply (Dkt. #25). Upon review, the Court determines that the petition must be denied because this Court lacks jurisdiction to hear the petition.

### BACKGROUND

On July 27, 1995, Gerald Alexander Melton ("Melton" or "Petitioner") was convicted of kidnapping, aggravated battery, aggravated assault, and battery. Petitioner was sentenced to life in prison. The state district court affirmed Petitioner's conviction and sentence on appeal. See Melton v. State, 701 So.2d 875 (Fla. 2d DCA 1997). On October 14, 1997, Petitioner's request for a rehearing was denied.

Then, on January 5, 1999, Petitioner filed a motion for post-conviction relief under Fla. R. Crim. P. 3.850 ("Rule 3.850"). Petitioner's Rule 3.850 motion was denied after an evidentiary hearing. On September 14, 2001, the state district court issued the mandate affirming the lower court's denial of the Rule 3.850 motion. See Melton v. State, 798 So. 2d 736 (Fla. 2d DCA 2001).

Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. §2254 ("§2254") in the United States District Court for the Middle District of Florida on October 3, 2001. The court dismissed the action as time barred on April 2, 2003. The Eleventh Circuit Court of Appeals denied Petitioner's request for certificate of appealability. On January 12, 2004, the United States Supreme Court denied Petitioner's writ of certiorari. See Melton v. Fla. Dep't of Corr., 540 U.S. 1135 (2004). The Supreme Court denied rehearing on March 8, 2004. See Melton v. Fla. Dep't of Corr., 541 U.S. 912 (2004).

Later, Petitioner brought a motion to correct his sentence under Fla. R. Crim. P. 3.800 ("Rule 3.800"). The motion was denied and Petitioner appealed. On May 27, 2005, the state district court issued the mandate affirming the denial of the motion. See Melton v. State, 902 So. 2d 804 (Fla. 2d DCA 2005).

On August 2, 2005, Petitioner filed another Rule 3.850 motion. The motion was denied as time barred as it fell outside the two year statute of limitations. Petitioner appealed and, on October 6, 2006, the state district court issued the mandate affirming the denial. See Melton v. State, 939 So. 2d 104 (Fla. 2d DCA 2006).

Petitioner brought a second Rule 3.800 motion to correct sentence on August 21, 2006. Like the first Rule 3.800 motion, the motion was denied without a hearing. The state district court affirmed the decision with the mandate dated October 1, 2007. See Melton v. State, 965 So. 2d 134 (Fla. 2d DCA 2007).

On June 25, 2007, Petitioner filed this 28 U.S.C. §2254 petition seeking federal habeas corpus relief on the following grounds:

Ground One: Petitioner's due process rights were violated when the state trial court judge failed to use the Apprendi[1]/Blakely[2]/Booker[3] "beyond a reasonable doubt" standard when imposing a sentence exceeding the statutory guidelines.

Ground Two: Petitioner did not receive a fair trial as required under the Constitution as shown by newly discovered evidence, specifically prosecutorial misconduct.

Ground Three: Petitioner is actually innocent as proven by the newly discovered evidence and is entitled to a new trial.

The state moved to dismiss this petition as unauthorized due to a lack of jurisdiction and untimely under 28 U.S.C. §2244(d)(1).

## DISCUSSION

### Lack of Jurisdiction

The state argues that this Court lacks jurisdiction to hear this petition for federal habeas corpus relief because this petition constitutes a successive petition for which leave

---

[1] Apprendi v. New Jersey, 530 U.S. 466 (2000).

[2] Blakely v. Washington, 542 U.S. 296 (2004).

[3] United States v. Booker, 543 U.S. 220 (2005).

has not been granted pursuant to 28 U.S.C. §2244(b)(3)(A). The state argues that this claim is successive to Petitioner's §2254 claim filed on October 3, 2001. The §2254 claim dated October 3, 2001, was dismissed as time barred under the one year statute of limitations. See Melton v. Moore, case no. 8:01-cv-01928-T-24TBM. Petitioner argues that he is able to bring this claim under the exceptions to successive petitions outlined in 28 U.S.C. §2244(b)(2)(A) and (B).

The dismissal of a §2254 petition as time barred "constitutes an adjudication on the merits that renders future petitions under §2254 challenging the same conviction 'second or successive' petitions under §2244(b)." Murray v. Greiner, 394 F.3d 78, 81 (2d Cir. 2005). The general rule for successive habeas petitions states that "a claim presented in a second or successive habeas corpus application under [§] 2254 that was presented in a prior claim shall be dismissed." 28 U.S.C. §2244(b)(1). In addition, a claim presented in a successive habeas corpus application that was not presented in a prior claim shall be dismissed unless:

>  (A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> 
>  (B)(i)  the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> 
>    (ii)  the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. §2244(b)(2). In order to file a successive petition for habeas in federal district court, a petitioner must "move in the appropriate court of appeals for an order authorizing the district court to consider the [petition]." 28 U.S.C. §2244(b)(3)(A).

This claim is clearly successive according to the rule set out in Murray. Petitioner brought a previous §2254 claim challenging the same conviction and sentence. Petitioner must receive authorization from the Eleventh Circuit Court of Appeals to petition this Court for habeas relief. Since Petitioner has failed to gain authorization, this claim must be dismissed for lack of jurisdiction.

Even if the Eleventh Circuit had authorized this petition, Petitioner must meet the rules set out in 28 U.S.C. §2244(b)(2). Petitioner argues under 28 U.S.C. §2244(b)(2)(A) that the rule requiring a new standard to sentence outside statutory guidelines as set out in Apprendi and Blakely represent new constitutional law and should apply to his case. But, the Supreme Court has not made the Apprendi/Blakely/Booker line of cases apply retroactively to post-conviction claims. See Michael v. Crosby, 430 F.3d 1310, 1312 n.2 (11th Cir. 2005). Thus, Petitioner's argument to allow the successive petition for habeas corpus would fail because the Apprendi/Blakely/Booker rule would not be applied retroactively to Petitioner's case.

Petitioner also argues that the newly discovered prosecutorial misconduct represents a new factual predicate as required under 28 U.S.C. §2244(b)(2)(B). Petitioner's argument fails because the evidence is not newly discovered. Petitioner argued prosecutorial

misconduct on his conviction appeal and on his first §2254 claim for habeas relief. In addition, the trial court questioned the allegedly threatened witness about the misconduct. Therefore, even if prosecutorial misconduct did take place, it is not newly discovered by Petitioner.

Petitioner failed to gain the required authorization to bring this successive claim before the Court. Therefore, the claim must be dismissed for lack of jurisdiction. In addition, Petitioner fails to show that this claim falls under either of the exceptions to the automatic dismissal of successive habeas petitions.

**Timeliness**

The state argues, in the alternative, that this claim is time barred under 28 U.S.C. §2244(d)(1)(D). The state further argues that a dismissal of this claim as time barred should be with prejudice. The state argues that since Petitioner's first §2254 claim was time barred, then the instant claim must be time barred as well unless Petitioner can show that the statute of limitation began to run at a later date. Petitioner argues that statute of limitations began to run at when either the Supreme Court announced the Apprendi/Blakely/Booker rule or when the new evidence of prosecutorial misconduct was discovered.

The statute of limitations for federal habeas corpus claims under 28 U.S.C. §2254 is one year. 28 U.S.C. §2244(d)(1). The one year statute of limitations "shall run from the latest of:

>  (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Id. Since the dismissal of a petition as time barred is a dismissal on the merits, such a dismissal "should ordinarily be made with prejudice." Pavlovsky v. VanNatta, 431 F.3d 1063, 1064 (7th Cir. 2005).

Petitioner's argues that this claim falls under 28 U.S.C. §2244(d)(1)(C) or (D). Petitioner's argument that the statute of limitations did not begin to run until the Supreme Court announced the Apprendi/Blakely/Booker rule fails because the rule does not apply retroactively on collateral review. Michael, 430 F. 3d at 1312 n.2.

Petitioner's second argument states that the statute of limitations did not begin to run until the discovery of prosecutor discipline. Since the trial court questioned the allegedly harassed witness about the misconduct and Petitioner mentioned prosecutorial misconduct in his conviction appeal and in a ground for his first §2254 claim, it is not newly discovered.

For these reasons, the statute of limitations began to run on the date the judgment became final on direct review under 28 U.S.C. §2244(d)(1)(A). Just as Petitioner's first federal habeas claim, this claim would be time barred.

## Merits

Even if this Court did not lack jurisdiction and even if this claim were not time barred, Petitioner would still fail on the merits.

<u>Ground One:</u>    Petitioner's due process rights were violated when the state trial court judge failed to use the <u>Apprendi</u>/<u>Blakely</u>/<u>Booker</u> "beyond a reasonable doubt" standard when imposing a sentence exceeding the statutory guidelines.

In support of ground one, Petitioner argues that the <u>Apprendi</u>/<u>Blakely</u>/<u>Booker</u> rule should apply to him retroactively. Petitioner argues that the trial court judge sentenced Petitioner above the statutory guidelines using preponderance of the evidence standard.

Petitioner argues that the federal retroactivity principles as set forth in <u>Teague v. Lane</u>, 489 U.S. 288 (1989), allows for retroactive application of rules announced by the Supreme Court. Petitioner argues further that the change in the standard of persuasion from preponderance of the evidence to "beyond a reasonable doubt" goes to the fundamental fairness of the criminal proceeding under <u>Schriro v. Summerlin</u>, 542 U.S. 348, 352 (2004).

The <u>Apprendi</u>/<u>Blakely</u>/<u>Booker</u> line of cases have been held to not apply retroactively to post-conviction relief cases. In <u>Michael</u>, the Eleventh Circuit stated, "we have held that *Booker* is *not* retroactively applicable to cases on collateral review." 430 F. 3d at 1312 n.2.

The Supreme Court has made no mention of the retroactivity of Apprendi/Blakely/Booker to claims on collateral review.

The Court in Schriro states that a rule applied retroactively "must be one 'without which the likelihood of an accurate conviction is *seriously* diminished.'" Schriro, 542 U.S. at 352 (quoting Tyler v. Cain, 533 U.S. 656, 667, n.7 (2001)). In the instant claim, Petitioner seeks to apply retroactively a rule that deals with sentencing and not with the trial and conviction. The Schriro Court was addressing the fairness of the actual trial, not sentencing. Therefore, Petitioner's argument that this Court should apply the Apprendi/Blakely/Booker rule retroactively under Teague and Schriro fails because the rule would be applied retroactively to Petitioner's sentence, not his trial.

This Court would not apply the Apprendi/Blakely/Booker line of cases retroactively to Petitioner's collateral claim. For the above reasons, ground one would be denied.

Ground Two: Petitioner did not receive a fair trial as required under the Constitution as shown by newly discovered evidence, specifically prosecutorial misconduct.

In support of ground two, Petitioner argues that prosecutorial misconduct is newly discovered evidence. Petitioner argues that the prosecutorial misconduct came to light only when the prosecutor was disciplined for behavior she engaged in while working on cases after Petitioner's conviction. Petitioner argues further that he could not have discovered the new evidence earlier and that the evidence is material.

To sustain a claim under 28 U.S.C. §2254(e)(2) and be granted an evidentiary hearing, a petitioner must show that:

"(A) the claim relies on--

> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."

Though Petitioner claims that the prosecutorial misconduct is newly discovered, Petitioner had previous knowledge of the alleged misconduct. The Petitioner had knowledge because the prosecutor recused herself for the behavior, the trial court addressed the misconduct issue with the witness who alleged prosecutorial harassment, and Petitioner mentioned the misconduct in his conviction appeal and in his previous §2254 claim. Thus, the alleged prosecutorial misconduct is not newly discovered evidence.

Petitioner has not shown that this claim is brought on a new factual predicate. As required under 28 U.S.C. §2254(e), this Court would not have granted an evidentiary hearing. Ground two would be denied.

Ground Three: Petitioner is actually innocent as proven by the newly discovered evidence and is entitled to a new trial.

In support of ground three, Petitioner argues that he is actually innocent. Petitioner states that "where actual innocence and newly discovered evidence is corroborated by other independent evidence of innocence" a new trial or evidentiary hearing should be granted.

Actual innocence based on newly discovered evidence is not a basis for federal habeas corpus relief. Huerra v. Collins, 506 U.S. 390, 400 (1993). "[T]he existence merely of newly discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on federal habeas corpus." Townsend v. Sain, 372 U.S. 293, 317 (1963). The principle of federal habeas corpus is "to ensure that individuals are not imprisoned in violation of the Constitution-not to correct errors of fact." Huerra, 506 U.S. at 400.

Petitioner has not made a showing that the newly discovered evidence has violated his Constitutional rights. The alleged prosecutorial misconduct was dealt with at trial and Petitioner argued the claim on appeal. Petitioner has only shown that the prosecutor in his trial was later disciplined for misconduct in proceedings unrelated to Petitioner. This, especially considering the recusal of the prosecutor from Petitioner's trial, does not mean that the prosecutor had any wrongdoings at Petitioner's trial nor does it show that Petitioner's right to a fair trial was violated.

Since actual innocence based on newly discovered evidence cannot result in habeas relief, Petitioner's argument fails. For the above reasons, ground three would be denied.

It is therefore ORDERED AND ADJUDGED that:

1. The petition for writ of habeas corpus (Dkt. #1) is DISMISSED.

2. The Clerk is directed to terminate any pending motions and close this file.

**DONE** and **ORDERED** in Tampa, Florida on February 10, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

F:\Docs\2007\07-cv-1098.deny 2254.wpd