UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GERALD MELTON,

    Petitioner,

-vs-                                                                           Case No.  8:07–cv-1098-T-30TBM

FLORIDA DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

## ORDER

This matter is before the Court on Petitioner's Objections to Magistrates [sic] Report and Recommendation (Dkt. 28) which the Court has construed as both a notice of appeal (Dkt. 30) of the February 10, 2009 decision denying his petition for federal habeas relief (See Dkt. 27), and an application for a certificate of appealability (Dkt. 31) filed pursuant to Rule 22, Fed. R. App. P.,[1] and 28 U.S.C. §2253.[2] Petitioner has not paid the appellate filing fee nor sought permission to appeal *in forma pauperis*.

---

[1] "Certificate of Appealability. (1) In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28 U.S.C. §§ 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §§ 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. . . . If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals." Rule 22, Fed. R. App. P.

[2] "[I]n a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. . . . (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -- (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;. . . (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c).

To merit a certificate of appealability, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claim and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the petition is time-barred and Petitioner has failed to make a sufficient showing of the "extraordinary circumstances" required to warrant equitable tolling of the limitations period, and because his claims are without merit, Petitioner has failed to satisfy both prongs of the *Slack* test. 529 U.S. at 484. Petitioner has failed to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c).

ACCORDINGLY, the Court **ORDERS** that Petitioner's Application for a Certificate of Appealability is **DENIED** (Dkt. 31).

**DONE** and **ORDERED** in Tampa, Florida on March 4, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copies furnished:
Counsel/Parties of Record