UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GERALD ALEXANDER MELTON,

    Petitioner,

-vs-                                                       Case No. 8:07–cv-1098-T-30TBM

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.
_____/

**ORDER**

Petitioner has filed a Notice of Appeal (Dkt. 45) of this Court's November 18, 2009 decision denying his "Relief from Judgment and Order Pursuant to U.S.C.A § 2254 Federal Rules Civil Procedure Rule 60(b)" (Dkt. 41). The Court construes the Notice of Appeal as an application for a certificate of appealability ("COA") pursuant to Rule 22, Fed. R. App. P.,[1] and 28 U.S.C. §2253[2] (Dkt. 46), *see Edwards v. United States*, 114 F.3d 1083, 1084 (11th Cir. 1997). Petitioner did not pay the $455.00 appellate filing fee and costs or file a request for leave to proceed *in forma pauperis*.

---

[1] "Certificate of Appealability. (1) In a . . . 28 U.S.C. §§ 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §§ 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. . . . If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals." Rule 22, Fed. R. App. P.

[2] "[I]n . . . a proceeding under section 2255 . . , the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. . . . (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -- . . .(B) the final order in a proceeding under section 2255. . . . (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c).

After a review of the record, the Court concludes that an appeal in this case would be frivolous. The Court has already determined that this case constitutes a successive habeas petition that is barred by the one year statute of limitations (See Dkt. 27). The Court reaffirmed this in its order denying Petitioner's Rule 60(b) motion (See Dkt. 41). Therefore, an appeal by Petitioner in this matter would be frivolous.

ACCORDINGLY, the Court **ORDERS** that Petitioner's construed application for issuance of a certificate of appealability (Dkt. 46) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on December 10, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copies to:  *Pro se* Petitioner
             Counsel of Record